FRANK E. WILSON, Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent.

Fourth Department, May 2, 1923.

Street railways — action for injuries suffered by passenger — car stopped on curve and plaintiff was struck by rear end of car after he alighted — error to charge that after plaintiff had alighted car had right to start and plaintiff was bound to get out of way.

In an action to recover damages suffered by the plaintiff when he was struck by the rear end of a street car from which he had just alighted, wherein it appeared that the car stopped on a curve and that the plaintiff was struck by the extra overhang caused by the car passing around the curve, it was error for the court to charge that as soon as the plaintiff was on the ground the car had the right to start and that it was his duty to be alert and to get away from the moving part of the car; the charge took away from the jury the question of reasonable care under the circumstances, which was a close question on the evidence presented.

APPEAL by the plaintiff, Frank E. Wilson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 29th day of October, 1921, upon the verdict of a jury of no cause of action, and also from an order entered in said clerk's office on the 10th day of February, 1922, denying plaintiff's motion for a new trial made upon the minutes.

*John J. Brown,* for the appellant.

*Penney, Killeen & Nye* [*Harold S. Brown* of counsel], for the respondent.

PER CURIAM:

The car upon which the plaintiff was a passenger stopped upon a curve. After the plaintiff had reached the ground he was hit by the rear end of the car which swung out as it passed over the curve. When the plaintiff attempted to alight from the car it was his duty to exercise reasonable care in so doing. It was the duty of the employees of the defendant to exercise reasonable care and diligence under the circumstances so that the plaintiff should have a reasonable opportunity to get into a place of safety before the car started. The evidence upon each question presented a close issue of fact. The learned trial court charged: " Necessarily, therefore, the law imposes on a passenger getting off at a point like that, knowing that the car is to go around the curve, when it starts to go around the curve it is his duty to be alert and get away from the moving part of the car, for the reason that it does project out. It is not proper that he should stay in the line

of the overhang, of the extra overhang of that car an instant longer than is necessary to get down on the street and get away. That is one proposition. Of course he has a right to have ample time to get off the car while it is standing, but once he is down upon the ground that car has the right to start and he must move out of the way of it."

The attention of the court was called to the portion of the charge here quoted by exceptions and requests to charge. The charge was clearly erroneous, and practically took away from the jury the question of reasonable care under the circumstances.

All concur; Davis, J., not sitting.

Judgment and order reversed upon questions of law, and new trial granted, with costs to the appellant to abide the event.